UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

NICOLE PISCHKE,

                Plaintiff,        CIVIL NO.: _____

v.

FIRST REVENUE ASSURANCE, LLC,       **COMPLAINT**
AND JANE DOE,

                                          **JURY TRIAL DEMANDED**
                Defendants.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Nicole Pischke (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant First Revenue Assurance, LLC (hereinafter "Defendant First Revenue"), is a collection agency operating from an address of 4500 Cherry Creek Dr. South, #450, Denver, CO 80246 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant First Revenue as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to July 2009, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant First Revenue for collection.

9. Upon information and belief, in July 2009 Plaintiff began receiving calls from Defendant First Revenue at her home and place of employment.

10. Upon information and belief, in July 2009 Plaintiff on numerous occasions instructed Defendant First Revenue that her employer did not allow personal telephone calls at work and demanded that Defendant First Revenue cease calling her at work.

11. Defendant Doe continued to contact Plaintiff at her place of employment.

12. Defendant Doe contacted Plaintiff's mother, Debra Pischke.

13. Defendant Doe conveyed to Plaintiff's mother that Plaintiff owed a debt.

14. Defendant Doe also conveyed to Ms. Pischke that because her daughter owed a debt that it was her responsibility to pay for her daughter's debt.

15. Defendant Doe used abusive language when speaking to Plaintiff, calling Plaintiff a "liar."

16. The conduct of Defendants in continuing to contact Plaintiff at her place of employment after Defendants knew that the employer prohibits such communication, conveying to a third party that Plaintiff owed a debt, using abusive language, using conduct the natural consequence of which is to harass, oppress, or abuse a person, misrepresenting the legal status of the debt and using unfair or unconscionable means to collect or attempt to collect an alleged debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692c(a)(3), 1692d and 1692f amongst others.

## Respondeat Superior Liability

17. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant First Revenue who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant First Revenue.

18. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant First Revenue in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant First Revenue.

20. Defendant First Revenue is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

21. The above-detailed conduct by Defendants was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

23. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

28. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

29. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff; and

30. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  June 30, 2010

 s/ Mark L. Vavreck                                        .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220